JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| OSCAR T. MONGE, | CV 25-00419 TJH (SSCx) |
| Plaintiff, | |
| v. | Order |
| YUSEN LOGISTICS AMERICAS INC., *et al*, | |
| Defendants. | |

The Court has considered Plaintiff Oscar T. Monge's motion to remand [dkt. #11] together with the moving and opposing papers.

On December 13, 2024, Monge filed this putative wage and hour class action against Yusen Logistics Americas Inc., ["YLA"] and Staffmark Investment LLC., ["Staffmark"] in the Los Angeles Superior Court, asserting seven various wage and hour claims that arose over three putative class periods.

YLA is a logistics and shipping company that is incorporated in New York, has its principal place of business in New Jersey, and has operations in California. YLA, allegedly, has employees that it directly hires, and other workers that are hired by temporary employment agencies, including Staffmark, and, then, assigned to work for

YLA. Monge alleged that he worked at YLA's Carson, California, facility from 2013 through May 26, 2024, but he did not allege whether he was hired directly by YLA or by an employment agency.

On January 16, 2025, YLA removed based on the Class Action Fairness Act of 2005 ["CAFA"], 28 U.S.C. § 1332(d), which permits removal when, *inter alia*, the amount in controversy exceeds $5,000,000.00 exclusive of interests and costs.

Monge, now, moves to remand.

**Motion to Remand**

Because Monge's Superior Court complaint did not allege a specific dollar amount for the putative class's damages, and the amount of damages was not facially apparent from the complaint, when YLA removed it merely needed to plausibly assert, in its notice of removal, that the CAFA amount in controversy exceeded the jurisdictional threshold of $5,000,000.00, as required by 28 U.S.C. § 1332(d)(2). *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

Because Monge challenged the amount in controversy portion of YLA's removal through this instant motion to remand, YLA, now, bears the burden to produce admissible evidence to establish, by a preponderance of the evidence, that the amount in controversy requirement has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Monge can, then, challenge YLA's jurisdictional evidence with its own evidence and/or arguments. *See Dart Cherokee Basin Operating Co.,LLC*, 574 U.S. at 88-89 (2014). Here, Monge raised arguments but did not provide any evidence of its own.

In both its notice of removal and its opposition to the motion to remand, YLA calculated the amount in controversy, here, based only on the waiting time penalties for Monge's sixth claim. Waiting time penalties are calculated by multiplying an employee's daily wages by the number of days the employee waited for his final wages to be paid, up to a maximum of 30 days. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493, 80 Cal. Rptr. 2d 175, 178 (1998). The putative class period for the waiting time penalty from

Monge's sixth claim is from December, 13, 2021 to the date that notice is mailed to the appropriate certified class.

The sixth claim alleged violations of Cal. Lab. Code §§ 201 and 202, which require the payment of all unpaid wages due upon resignation or other termination of employment. Specifically, Monge's sixth claim alleged that YLA required "bag checks" before employees were "permitted to clock in for their start shifts," and that employees were required to "travel to a designated area away from their workstations during their rest periods" without compensation for travel time or missed rest period time. Monge alleged that former employees were not paid for the bag check time, missed rest period time, or travel time after they resigned or were terminated. Cal. Lab. Code § 203 imposes mandatory waiting time penalties on an employer who fails to pay all wages due at the time of an employee's resignation or termination.

Here, YLA calculated the waiting time penalties for the sixth claim to be $5,148,000.00, based on assumptions that 1,500 employees might be entitled to waiting time penalties, that they worked 8 hour shifts, that they were paid the minimum wage of $14.00 per hour, and that they were entitled to 30 days of waiting time penalties. To support its assumptions, YLA provided a declaration from Jennifer Anelli, YLA's Senior Vice President of Human Resources. Anelli declared that YLA had 10,650 former employees who had been employed by YLA between December 13, 2021, and December 31, 2024. That date range is within the putative class period. Anelli, further, declared that "the vast majority" of YLA's non-exempt California work force "worked more than 5 hours in each shift."

In CAFA cases, the removing defendant's calculation of the amount in controversy must be "tested by consideration of real evidence, and the reality of what is at stake in the litigation," using "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). The Court is limited to considering the reasonableness of YLA's assumptions, and cannot substitute its own assumptions in place of YLA's assumptions. *See Harris v. KM*

*Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020).

After considering YLA's evidence and assessing the reasonableness of its assumptions, the Court must decide, based on the preponderance of the evidence, whether YLA's proposed amount in controversy is reasonable. *See Harris*, 980 F.3d at 701. As discussed below, some of YLA's assumptions are flawed.

YLA's amount in controversy calculation is based on four assumptions: (1) 1,500 of its 10,650 former employees were entitled to waiting time penalties for the sixth claim; (2) Those 1,500 former employees were each entitled to thirty days of waiting time penalties; (3) YLA's employees were paid the prevailing minimum wage of $14.00 per hour during the putative class period; and (4) Each of the 1,500 former employees worked eight hours per day.

YLA's assumption that 1,500 of its 10,650 former employees are entitled to waiting time penalties for the sixth claim is a reasonable assumption. Neither party introduced evidence as to the exact number of YLA employees who were subject to bag checks and rest period travel requirements, and not paid for that time. Part of YLA's theory of its damage exposure is that approximately 14% of its former employees during the relevant class period are entitled to waiting time damages for the sixth claim. While the 14% estimate seems to be a conservative percentage, the Court is limited, generally, to considering only the assumptions made by the removing defendant and its theory of damages exposure. *Ibarra,* 775 F.3d at 1198. The Court cannot "supply further assumptions of its own." *Harris*, 980 F.3d at 701. Based on those limitations, the Court will accept as reasonable YLA's asserted conservative estimate of the number of aggrieved former employees for purposes of calculating the amount in controversy.

YLA's assumption that those 1,500 former employees were not paid wages for the maximum waiting time period of 30 days is, also, a reasonable assumption. In a similar CAFA case, where the time frame at issue, also, spanned multiple years, the Ninth Circuit held that it was reasonable for the District Court to assume that former employees

were not paid wages for the maximum 30 day waiting time period. *See Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022).

YLA's assumption that those 1,500 former employees were paid $14.00 per hour is not a reasonable assumption. YLA provided no evidence to support the actual hourly rate paid to those former employees. It merely asserted that they were paid the $14.00 minimum wage. The Court will take judicial notice of the fact that the minimum wage in Los Angeles County during the period of December, 2021, to December, 2024, started at $15.00 and escalated to $17.27 by the end of that time period. *See* Fed. R. Evid. 201. For convenience, the Court will substitute the $17.27 hourly rate for YLA's assumed $14.00 hourly rate, because even that highest hourly minimum wage rate is not enough to expand YLA's estimated waiting time damages beyond the minimum $5,000,000.00 amount in controversy. *See Jauregui*, 28 F.4th at 995.

YLA's assumption that its former employees worked eight hours per day is, also, not reasonable because it is not supported by evidence. *See Harris*, 980 F.3d at 701. The only evidence presented as to hours worked was the portion of Anelli's declaration that stated "the vast majority" of YLA's California work force "worked more than 5 hours in each shift." Based on Anelli's declaration, it is not reasonable to assume that YLA's former employees worked 8 hours per shift. *See Harris*, 980 F.3d at 701-02.

When the submitted evidence supports a "better assumption" than the removing defendant's assumption, the Court can substitute the number supported by the evidence in place of the assumed number, rather than just zeroing out the unsupported assumed number. *Jauregui*, 28 F. 4th at 996. Accordingly, the Court will substitute 5 hours per shift in place of YLA's assumed 8 hours per shift.

Based on the above modified assumptions, YLA's waiting time damages formula becomes 1,500 former employees x 5 hours x 30 days x $17.27. The product of that calculation is $3,885,750.00, which does not exceed the $5,000,000.00 CAFA minimum amount in controversy requirement. *See* 28 U.S.C. § 1332(d)(2).

Because YLA did not estimate the amount in controversy for claims other than the

sixth claim, the Court will not consider the potential amount in controversy for those other claims. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88.

**Attorneys' Fees**

Upon granting a motion to remand, the Court may award attorneys' fees incurred as a result of the removal. 28 U.S.C.A. § 1447. Fees may be awarded if the removal was not objectively reasonable. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, removal was objectively reasonable based on the applicable law, however YLA's evidence was insufficient to establish the minimum amount in controversy.

The purpose of awarding attorney's fees upon remand is to deter improper removals done to merely prolong litigation and to increase a plaintiff's cost. *See Schiff v. Liberty Mut. Fire Ins. Co.*, 784 F. App'x 490, 492 (9th Cir. 2019). There is no evidence, here, that YLA removed to prolong this case or to increase Monge's costs.

Consequently, attorneys' fees will not be awarded, here.

Accordingly,

It is Ordered that the motion to remand be, and hereby is, Granted.

It is further Ordered that the request for attorneys' fees be, and hereby is, Denied.

Date: July 18, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge